**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-6913**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

DEANDRE ADARIAS JENKINS,

                Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence. R. Bryan Harwell, Chief District Judge. (4:18-cr-00084-RBH-1)

Submitted: October 20, 2021                  Decided: December 10, 2021

Before WILKINSON and DIAZ, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Deandre Adarias Jenkins, Appellant Pro Se. Everett E. McMillian, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Deandre Adarias Jenkins appeals the district court's order denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, Pub. L. No. 115-391, § 603(b)(1), 132 Stat. 5194, 5239 ("First Step Act"). On appeal, Jenkins raises a variety of challenges to the district court's ruling. Among other arguments, he asserts that the district court reversibly erred by failing to explicitly address certain mitigating factors that he raised in support of his release. For the reasons that follow, we vacate the district court's order and remand for further proceedings.

We review for abuse of discretion the district court's denial of a motion for compassionate release. *United States v. Kibble*, 992 F.3d 326, 329 (4th Cir. 2021), *cert. denied*, No. 21-5624, 2021 WL 4733616 (U.S. Oct. 12, 2021). "A district court abuses its discretion when it acts arbitrarily or irrationally, fails to consider judicially recognized factors constraining its exercise of discretion, relies on erroneous factual or legal premises, or commits an error of law." *United States v. Dillard*, 891 F.3d 151, 158 (4th Cir. 2018) (internal quotation marks omitted).

The district court is authorized to reduce a term of imprisonment under 18 U.S.C. § 3582(c)(1)(A) if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). When deciding whether to reduce a defendant's sentence under § 3582(c)(1)(A)(i), a district court generally proceeds in three steps. *See United States v. High*, 997 F.3d 181, 185-86 (4th Cir. 2021); *Kibble*, 992 F.3d at 330-32. First, the court determines whether "extraordinary and compelling reasons" exist to support a sentence reduction. *High*, 997 F.3d at 185 (quoting § 3582(c)(1)(A)(i)). "In the context of

2

the COVID-19 outbreak, courts have found extraordinary and compelling reasons for compassionate release when an inmate shows both a particularized susceptibility to the disease and a particularized risk of contracting the disease at his prison facility." *United States v. Feiling*, 453 F. Supp. 3d 832, 841 (E.D. Va. 2020) (citing cases). Second, the court considers whether "a [sentence] reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A); *see High*, 997 F.3d at 186. Because there is "no 'applicable' policy statement governing compassionate-release motions filed by defendants under the recently amended § 3582(c)(1)(A), . . . district courts are empowered to consider any extraordinary and compelling reason for release that a defendant might raise." *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020) (alteration and internal quotation marks omitted). Finally, even if the court finds extraordinary and compelling reasons to support relief, it retains the discretion to deny a defendant's motion after balancing the applicable § 3553(a) factors." *High*, 997 F.3d at 186.

In *High*, we held that, in accordance with the Supreme Court's decision in *Chavez-Meza v. United States*, 138 S. Ct. 1959 (2018), a district court is not required to expressly acknowledge and address each of the defendant's arguments in support of his motion for compassionate release. *High*, 997 F.3d at 188-89. Instead, the district court need only "set forth enough to satisfy [us] that it has considered the parties' arguments and has a reasoned basis for exercising its own legal decisionmaking authority, so as to allow for meaningful appellate review." *Id.* at 190 (alterations and internal quotation marks omitted). We explained that, "as *Chavez-Meza* makes plain, there are cases in which a minimal

3

explanation suffices, while in other cases, more explanation may be necessary." *Id.* at 189 (internal quotation marks omitted).

Construing his informal appellate brief liberally, Jenkins asserts that the district court abused its discretion in failing to address a variety of arguments that he raised in support of the "extraordinary and compelling reasons" analysis and/or the § 3553(a) analysis in his case. With respect to the majority of these arguments, we conclude that the district court was not required to provide "a more robust and detailed explanation" for its discretionary decision, as the court's explanation is sufficient to permit meaningful appellate review. *See High*, 997 F.3d at 190 (internal quotation marks omitted). With respect to two arguments, however, we find the district court's explanation inadequate.

First, Jenkins observed that the First Step Act, enacted three months after his sentencing, altered the circumstances triggering an enhanced statutory sentencing range applicable to drug offenses, like his, sentenced under 21 U.S.C. § 841(b)(1)(B). *See* First Step Act § 401(a), 132 Stat. at 5220-21. Jenkins argued that he would not now be eligible for the enhanced statutory mandatory minimum applied at his sentencing, as the prior offense on which the court predicated his enhancement does not qualify as the predicate "serious drug felony" now required to trigger that enhancement. The district court did not address this argument when considering whether Jenkins demonstrated extraordinary and compelling reasons for a reduction, instead focusing solely on Jenkins' medical condition and likelihood of contracting COVID-19 in conducting that analysis. Subsequent to the district court's decision, however, we upheld a district court's decision to credit a conceptually similar argument finding "extraordinary and compelling reasons" based on

4

the significant disparity between sentences authorized under 18 U.S.C. § 924(c) before and after enactment of the First Step Act. *See McCoy*, 981 F.3d at 285-86. Because the district court did not have the benefit of *McCoy* when it ruled on Jenkins' motion, and in light of the district court's exclusive focus on Jenkins' arguments regarding his medical conditions and related risk of contracting COVID-19, we are unable to determine from the present record whether the district court rejected this argument on its merits or because it believed that the considerations Jenkins raised could not contribute to "extraordinary and compelling reasons" supporting a sentence reduction.

Second, Jenkins repeatedly emphasized his minimum security status and placement in a camp with no fence as evidence that he was unlikely to recidivate and posed little threat to society. The district court did not address these considerations when analyzing the § 3553(a) factors, instead relying heavily on the need to deter and to protect the public from Jenkins' future criminal conduct. On several occasions, the district court also stated that Jenkins was housed at "FCI Petersburg Low" without acknowledging Jenkins' minimum-security classification or camp placement. Thus, we are unable to determine from the district court's explanation whether it appropriately considered Jenkins' argument regarding his status and placement.

We have reviewed Jenkins' remaining arguments and find no reversible error in the district court's decision on those grounds. Accordingly, we vacate the district court's order and remand for further proceedings consistent with this opinion. In doing so, we express no opinion as to the ultimate merits of Jenkins' compassionate release motion. We dispense with oral argument because the facts and legal contentions are adequately

presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*